Helen Betts Hamilton v. Thomas B. Stone et al.

1. **Superior Court has Jurisdiction to Quiet Title to Which Construction of Will is But an Incident.**

   In an action to quiet title, in which the construction of a will, provided for by Gen. Code 10857, is but incidental to the main issue, the superior court of Cincinnati has concurrent jurisdiction with the common pleas.

2. **Judgment of Probate Refusing to Remove Administrator de bonis non Does Not Determine Right to Act as Testamentary Trustee of Undivided Interest in Life Estate.**

   A judgment of the probate court, overruling exceptions to the account of an administrator de bonis non and denying a mo-

tion to remove such administrator, does not determine the right of the administrator to act as testamentary trustee of a life estate vested in tenants in common, although the court may have passed upon the right of the administrator to act as such trustee or found that there was no trust estate to be administered.

**3. Title to Undivided Interest in Real Estate Quieted Against Control by Testamentary Trustee.**

One provision of a will devising a life estate to testator's children providing for a testamentary trustee, and another item empowering executors to sell part thereof are repugnant to and inconsistent with each other; while no good reason exists for allowing the latter provision to defeat the express devise which precedes it, same ground appears for upholding the devise which entitles plaintiff to a decree quieting her title as against control by the administrator de bonis non.

ERROR to superior court of Cincinnati.

*Charles B. Wilby* and *Charles Phares,* for the plaintiff in error.

*Sayler & Sayler,* for defendant in error.

## GIFFEN, P. J.

The prayer of the amended petition, as well as the cause of action stated, is to quiet the title of the plaintiff to an undivided interest in a life estate in certain real property, and the construction of the will of Smith Betts is but an incident of the main issue, the will being evidence of her title; hence the action is not brought under R. S. 6202 (Gen. Code 10857), which gives exclusive jurisdiction to the court of common pleas, but one in which the superior court of Cincinnati has concurrent jurisdiction.

The judgments of the probate court relied upon as a bar to this action embrace the overruling of exceptions to the account of the administrator *de bonis non* with the will annexed and of the motion to remove him as such administrator. The decision of the court upon the exceptions did not determine the right of the administrator to act as a testamentary trustee in controlling the life estate in which the plaintiff has an undivided interest. It did determine however that the appointment of Thomas B. Stone as administrator was necessary and made by authority of law. There is no item excepted to which shows that he collected rents or controlled or managed the real estate of

Hamilton v. Stone.

the plaintiff. The probate court had jurisdiction of the subject-matter, and every presumption, in the absence of evidence to the contrary, is in favor of the validity of its judgment.

The decision of the court upon the motion to remove the administrator may have been based upon a finding that there were assets of the estate not yet administered, and at the same time the court may also have found that there was no trust estate to be administered by him as trustee. In neither decision do we find that the court necessarily passed upon the question of the right of the executors or the administrators to act as testamentary trustees in controlling the real estate described in the petition. It follows, therefore, that the court erred in overruling the demurrer to the second and third defenses of the answer.

The question still remains whether, upon issue joined by the amended petition and the first defense of the answer, the will of Smith Betts authorized and empowered the executors or administrator to manage and control, as trustees, the real estate devised to plaintiff and the other children of the testator by item four, to-wit:

"On the death of my said wife, Cynthia A. Betts, I give, devise and bequeath my entire remaining estate for use during their natural lives to my children, Mary Helen, Stanley, Fannie, Edwin, William and Charles; at their death to their children in fee simple, my estate to remain intact and not to be divided until all of my said six children are dead; the children of any of my said six children to take their parent's share and my said six children to take share and share alike. In the event of the death of any of my said six children leaving no children then my surviving children named in this item to take said child's share, share and share alike and my executor and executrix are trustees under this will for all its purposes."

This is a complete disposition of the estate for and during the natural lives of the children, although restricted in its use by forbidding a division of the same. The last clause relating to trustees does not in terms nor by implication give the executors control of the real estate.

The sixth item of the will empowered the executors to sell

Hamilton County.

or lease any part of the estate and is repugnant to and inconsistent with the devise to the children. The two provisions can not stand together, and there seems to be no good reason why the later provisions should defeat the express devise made before, while there is some reason for holding that the testator intended to make this provision operative during the life of the widow only or as to such contracts and privileges of purchase as were made and granted by him during his lifetime.

The plaintiff is therefore entitled to have her title quieted as against the control of the same by the administrator *de bonis non* with the will annexed. The judgment will be reversed and judgment entered for plaintiff in error.

**Smith** and **Swing, JJ.**, concur.